# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| JOHN RANDALL FUTCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV422-295 |
| FEDEX GROUND, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## ORDER AND REPORT AND RECOMMENDATION

Defendant FedEx Ground removed *pro se* plaintiff John Randall Futch's employment discrimination case to this Court. *See* doc. 1. Defendants United States Attorney General Merrick Garland, the United States, and "all federal agencies" (the "Federal Defendants") have moved to dismiss all claims asserted against them. Doc. 5. Futch has responded. Doc. 7. FedEx Ground has moved for summary judgment. Doc. 38. Futch has responded. Docs. 40, 41, & 42. Futch has also filed nineteen other documents of various descriptions. *See* docs. 15, 18, 20, 21, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 34, 36, 37, 43, & 45. Given this vexatious filing pattern, the Court previously stayed all deadlines in this case, relieving the defendants of any obligation to respond to Futch's

filings, pending resolution of the dispositive motions. Doc. 35 at 2-3. The Court now turns to those dispositive motions, and, where necessary, addresses Futch's submissions.

## I.   THE FEDERAL DEFENDANTS' MOTION TO DISMISS

The Federal Defendants move to dismiss Futch's claims against them based on their sovereign immunity. *See* doc. 5 at 3-5. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). This immunity generally protects the United States *and its agencies* from suit. *Smith v. United States*, 14 F.4th 1228, 1230-31 (11th Cir. 2021). Claims against Merrick Garland, in his capacity as the United States Attorney General, are treated the same as claims against the United States. *See Nalls v. Bureau of Prisons*, 359 F. App'x 99, 100-01 (11th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

The Government may waive its sovereign immunity, but only where "unequivocally expressed," and such waivers must be "construed strictly in favor of the sovereign." *United States v. Nordic Village Inc.*, 503 U.S. 30, 33-34 (1992) (internal quotes and citations omitted); *see also Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 (11th Cir. 2020)

("Plaintiffs cannot sue the United States unless the United States unequivocally has waived its sovereign immunity."). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015).

Therefore, the Court lacks jurisdiction over Futch's claims against the Federal Defendants unless the Government has expressly waived its sovereign immunity for such claims. Futch's response to the Federal Defendants' Motion to Dismiss, like most of his filings, lacks clarity. *See generally* doc. 7. Liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he appears to assert that 42 U.S.C. § 1983, "also known as Civil Rights Act 1871," provides a waiver of the Government's sovereign immunity. *See* doc. 7 at 1-2. He also appears to suggest the Government waived its immunity by removing the case to federal court. *See id.* at 2. Neither of these arguments has any merit.

"It is well established in this circuit that the United States has not waived its immunity to suit under the provisions of the civil rights statutes." *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982). Specifically, § 1983 has no application to the actions of the federal

government or its officers acting under color of federal law, but is instead confined to deprivations under color of state law. *See* 42 U.S.C. § 1983; *see also, e.g.*, *Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (Section 1983 "provide[s] a remedy for deprivation of rights under color of state law and do[es] not apply when the defendants are acting under color of federal law.").[1]  It does not, therefore, provide a waiver of the Federal Defendants sovereign immunity for any of Futch's claims.

Futch's assertion that "a state" waives its "Eleventh Amendment Immunity" by removing a case from state court to federal court is equally misguided.  *See* doc. 7 at 2.  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  It applies, not to the Federal Government, but to the states.  *See, e.g.*, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by

---

[1] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

citizens of another state." (internal quotations and citation omitted)). The Federal Defendants are not states, and sovereign immunity is distinct from the immunity afforded states under the Eleventh Amendment of the Constitution. Futch's reference to Eleventh Amendment Immunity is inexplicable.

Ultimately, Futch identifies no express waiver of the Federal Defendants' sovereign immunity relative to his claims, and their Motion to Dismiss should, therefore, be **GRANTED**.[2] Doc. 5. Defendants Merrick Garland and the United States, including its agencies, should be **DISMISSED**.

## II.   FEDEX GROUND'S MOTION FOR SUMMARY JUDGMENT

Defendant FedEx Ground, which it contends is actually named FedEx Ground Package System, Inc., moves for summary judgment based on "a general release that the parties previously executed." Doc. 38 at 1-2. Futch opposes its motion. Docs. 40, 41, & 42.

---

[2] The Federal Defendants also argue Futch has failed to state a claim against them, doc. 5 at 5-7, but given the recommended disposition of their sovereign immunity argument, the Court lacks jurisdiction to consider that argument. *Zelaya*, 781 F.3d at 1322.

## A.   Standard of Review

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting, in parenthetical, Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. *DeLong Equip. Co. v. Wash. Mills Abrasive Co.*, 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. *See, e.g., Tidwell v. Carter Prods.*, 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." *Barfield v. Brierton*, 883 F.2d 923, 933-34 (11th Cir. 1989).

B.  **Factual Background**

Futch is a former FedEx Ground employee. Doc. 38-2 at 1.[3] He injured his right hand while working and filed a worker's compensation claim. *Id.* Futch and FedEx Ground entered into a "Stipulation and Agreement" to resolve the worker's compensation claim. *Id.* Futch also executed a "Voluntary Resignation" in which he formally resigned from his employment. *Id.* at 2. "In exchange for additional consideration of $50, Plaintiff also executed a Settlement Agreement and General Release ("General Release") . . . ." *Id.* He signed the General Release on July 25, 2022. Doc. 38-3 at 17. The General Release "released FedEx Ground from 'any and all actions' [Futch] might wish to bring in the future, including 'under state local or federal law.'" Doc. 38-2 at 2. (quoting doc. 38-3 at 15).

On November 14, 2022, Futch filed a lawsuit in the Superior Court of Chatham County alleging that FedEx Ground discriminated against

---

[3] Defendant FeEx Ground filed its required Statement of Material Undisputed Facts. *See* doc. 38-2; *see also* S.D. Ga. L. Civ. R. 56.1. Futch, although he responded to the Motion for Summary Judgment, *see* docs. 40 & 42, and provided his own "Memorandum of Law," *see* doc. 41, did not controvert FedEx Ground's Statement of Material Undisputed Facts. *See generally* docket. Therefore, the factual assertions, which are supported by citations to the record, are "deemed to be admitted." *See* S.D. Ga. L. Civ. R. 56.1; *see also Taylor v. Boilermaker-Blacksmith Nat'l Pension Tr.*, 2014 WL 12600206, at *2 (S.D. Ga. Feb. 21, 2014).

8

him in violation of Title VII of the Civil Rights Act of 1964. Doc. 1-1 at 7-9. FedEx Ground removed it to this Court. Doc. 1. Shortly before filing the Notice of Removal, counsel for FedEx Ground e-mailed Futch alerting him that he had "explicitly released" his Title VII claims against FedEx Ground and asked him to voluntarily dismiss his claims. Doc. 38-3 at 19. When he did not, FedEx Ground filed their Motion for Summary Judgment. *See, e.g.*, doc. 38. It argues the Title VII claims against it were released by the General Release and should, therefore, be dismissed. *See generally id.* Futch responds with a confusing filing, *see* doc. 40, but in it he asserts that he "never voluntarily sign[ed] anything but the worker's compensation agreement settlement that was approved." *Id.* at 5. He has, therefore, at least raised the argument that his release of his Title VII claim was not knowing or voluntary.

### C. Analysis

Defendant FedEx Ground is right that, generally, courts enforce written agreements. *See* doc. 38-1 at 3-4 (citing *Kirby v. Dole*, 736 F.2d 661, 664 (11th Cir. 1984)). However, the Eleventh Circuit has made it clear that, "[t]o release a cause of action under Title VII, the employee's consent to the settlement must be voluntary and knowing based on the

9

totality of the circumstances." *Myricks v. Federal Reserve Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007) (internal citation, quotations, and alteration omitted). The required review involves consideration of six factors:

> [T]he plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*Id.* (quoting *Puentes v. United Parcel Serv. Inc.*, 86 F.3d 196, 198 (11th Cir. 1996)). Defendant's briefing does not even reference these factors, much less carry its burden of demonstrating there is no dispute of material fact such that summary judgment is appropriate. *See* doc. 38-1; *see also, e.g.*, *Celotex*, 477 U.S. at 323. Based on Defendant's unrefuted Statement of Material Facts, there is no dispute the agreement exists. *See* doc. 38-2 at 2. However, there are no facts in the record to support a finding that, as a matter of law, Futch entered the agreement knowingly and voluntarily. *See generally* doc. 38-2. The Motion for Summary Judgement should, therefore, be **DENIED**. Doc. 38.

### III. FUTCH'S FILINGS

Because Futch's claims against FedEx Ground should survive, for now, the Court must address his prolific filings. As noted above, he has filed nineteen documents into this case that are unrelated to the briefing on the two dispositive motions. *See* docs. 15, 18, 20, 21, 22, 23, 24, 26, 28, 29, 30, 31, 32, 33, 34, 36, 37, 43, & 45. None is procedurally appropriate or substantively meritorious.

To begin, Futch has a habit of sending letters to the Judges of this Court. *See, e.g.*, docs. 21, 26, 29, & 45. Regardless of their substance, letters to the Court are not appropriate. *See In re Unsolicited Letters to Federal Judges*, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort . . ., it must be contained within a motion . . . [, i]t cannot be requested in a personal letter to a judge."). The Federal Rules of Civil Procedure also require that requests that the Court take action be made "by motion." Fed. R. Civ. P. 7(b)(1). Motions also get placed on the Court's "pending motions" list, while letters do not (hence, they might be inadvertently ignored). Finally, letters do not comply with the various other procedural requirements imposed by the Federal Rules. The Court will take no further action on any information

11

contained in any of the letters Futch has sent. He is advised that no action will be taken on any further letters he sends. If he seeks any action from the Court, he must file a motion.

Futch has also filed a "Response" to FedEx's Answer. Doc. 15. There is simply no provision in the Federal Rules, or any other procedure of which the Court is aware, that permits a plaintiff to argue the accuracy of a defendant's answer, independent of a specific motion. *See* Fed. R. Civ. P. 7(a)(7) (permitting "a reply to an answer," only "if the court orders one"). In the absence of a specific order directing a reply to an answer, such replies are improper. *See, e.g., Lee v. State Farm Fire & Cas. Co.*, 2021 WL 2439136, at *7 (N.D. Ga. June 15, 2021). To the extent that Plaintiff's filing is an unauthorized reply to FedEx Ground's Answer, it is **STRICKEN**. Doc. 15; *see also Lee*, 2021 WL 2439136, at *7.

Futch has also filed ten documents seeking the Court's involvement in his attempts to conduct discovery. *See* docs. 18, 20, 22, 23, 24, 28, 30, 31, 32, & 34. "A party ***may not seek discovery from any source*** before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1) (emphasis added). All of Futch's motions were filed before any Rule 26(f) Report was submitted. *See generally* docket. Therefore,

discovery had not yet begun. The motions are all, therefore, **DENIED**. Docs. 18, 20, 22, 23, 24, 28, 31, 32, 34.

The undersigned's Standard Procedures for Discovery Disputes exempt "cases where there is at least one unrepresented party," but notes that "the Court may at its discretion apply [the] procedure to any discovery dispute regardless of case type upon notice to the parties." *See* Standard Procedures for Discovery Disputes and Settlement Conferences in Civil Cases, *available at* https://www.gasd.uscourts.gov/sites/gasd/files/Third-Amended-SOP-MAGISTRATE-JUDGE-RAY-Revised.pdf; *see also* docket entry dated December 14, 2022. The parties are **DIRECTED** to comply with those procedures with respect to any discovery disputes that may arise in this case. Futch is advised that filing any discovery motion that does not comply with those procedures will be deemed a failure to comply with the Court's Order. *Cf.* Fed. R. Civ. P. 41(b).

Finally, Futch has submitted a Report of a Rule 26(f) Planning Meeting. Doc. 36. Although it references a meeting between Futch and two attorneys for FedEx Ground, it is only signed by Futch. *See id.* at 1, 6. It also references FedEx Ground's previous request that the Court stay

this matter, which was denied as moot after the Court *sua sponte* stayed the case. *See generally id*; *see also* doc. 35 at 2-3. It is, therefore, **TERMINATED**. Doc. 36. The case remains **STAYED** pending the District Judge's final disposition of the two dispositive motions and this Report and Recommendation. *See* doc. 35 at 2. Should the District Judge accept this Recommendation, and Futch's claims against FedEx Ground survive, the Court will issue further instructions for the remaining parties.

On a final note, although Futch's *pro se* status entitles him to have his submissions liberally construed, it does not permit him to ignore the applicable rules, including the Federal Rules of Civil Procedure. *See, e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Sanctions, including dismissal, may be imposed against plaintiffs who fail to follow the rules. *See, e.g., Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015). **Futch is advised that any further filings not specifically authorized by the Federal Rules of Civil Procedure or this Court's Local Rules will be deemed vexatious and in disregard of**

14

**this Order, subjecting him to possible sanctions including dismissal of this case.** *Cf.* **Fed. R. Civ. P. 41(b).**

## IV. CONCLUSION

In summary, the Federal Defendants' Motion to Dismiss should be **GRANTED**. Doc. 5. FedEx Ground's Motion for Summary Judgment should be **DENIED**. Doc. 38. Futch's "Response" to FedEx Ground's Answer is **STRICKEN**. Doc. 15. The Rule 26(f) Report is **TERMINATED**. Futch's remaining motions are **DENIED**. Docs. 18, 20, 22, 23, 24, 28, 31, 32, 34. The case remains **STAYED** pending the District Judge's final determination on the two dispositive motions and this Report and Recommendation.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 8th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA