IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RANDALL FUTCH, )
)
    Plaintiff, )
)
v. ) CASE NO. CV422-295
)
FEDEX GROUND, MERRICK GARLAND, )
and UNITED STATES OF AMERICA, )
)
    Defendants. )

**O R D E R**

Before the Court is the Magistrate Judge's August 8, 2023, Report and Recommendation (doc. 47), to which both plaintiff and Defendant FedEx Ground have filed objections, (docs. 52 & 53). After a careful review of the record,[1] the objections are **OVERRULED**, and the Report and Recommendation (doc. 47) is **ADOPTED** as the Court's opinion in this case, as modified below. See, e.g., 28 U.S.C. § 636(b) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Defendants Merrick Garland and the

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

1

United States' Motion to Dismiss is **GRANTED**.  Doc. 5.  Defendant FedEx Ground's Motion for Summary Judgment is **DENIED**.  Doc. 38.

The Magistrate Judge first recommended that Defendants Merrick Garland and the United States' Motion to Dismiss be granted based on their sovereign immunity.  (Doc. 47 at 2-5.)  Futch objects, arguing "sovereign immunity could never apply where an individual['s] civil rights were intentionally violated and the United States Attorney General's Office was aware of this conduct" but did not appropriately address it.  (Doc. 52 at 3.)  He states, without citation to any authority, that "sovereign immunity does [not] safeguard the United States of America and their agencies from being held accountable for violating individuals['] civil rights."  (Id. at 4.)  Nothing in Futch's objection calls into question any of the Magistrate Judge's analysis.  Merrick Garland and the United States, including its agencies, are protected by sovereign immunity, (doc. 47 at 2-3), and Futch does not identify any express waiver of that immunity, (id. at 3-5; see also generally doc. 52).  Futch's objection is **OVERRULED**, (doc. 52), and the Federal Defendants' Motion to Dismiss is **GRANTED**.  (Doc. 5.)

Next, the Magistrate Judge recommended that Defendant FedEx Ground's ("FedEx") Motion for Summary Judgment be denied.  (Doc. 47 at 10.)  FedEx moved for summary judgment on the grounds that Futch's Title VII claims against it are barred by a general

2

release. (Doc. 38; see also doc. 38-1 at 2.) The Report and Recommendation, after reciting the standard FedEx bears on its motion, (doc. 47 at 6-7), acknowledged that Futch had signed the proffered release, (id. at 8). However, it then cited to binding Eleventh Circuit case law that requires courts to consider six factors when determining whether a release of a cause of action under Title VII is valid because it was "voluntary and knowing." (Id. at 9-10 (quoting Myricks v. Federal Reserve Bank of Atlanta, 480 F.3d 1036, 1040 (11th Cir. 2007)).) As the Report and Recommendation made clear, FedEx's supporting brief "does not even reference these factors[.]" (Doc. 47 at 10.) Therefore, the Magistrate Judge recommended the motion be denied, since FedEx did not carry its burden of demonstrating there is no dispute of material fact. (Id.)

FedEx's objection argues the Magistrate Judge "improperly places the burden of proof on Defendant to show that no genuine issue of fact exists that Plaintiff executed the agreement knowing and voluntarily." (Doc. 53 at 4.) The Report and Recommendation correctly identified the standard for consideration of a motion for summary judgment:

> According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The

3

> "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting, in parenthetical, Fed. R. Civ. P. 56 advisory committee notes).
>
> Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

(Doc. 47 at 6.) FedEx does not contest the Magistrate Judge's articulation of the summary judgment standard; rather, it contests his application of that standard to the facts of this case.

As the movant, FedEx acknowledges it carries the initial burden of "informing the court of the basis for its motion and identifying those materials that demonstrate the absence of a genuine issue of material fact." (Doc. 53 at 4-5 (quoting Rice-Lamar v. City of Fort Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000)).) It also acknowledges it must meet that burden before the burden shifts to Futch as the nonmoving party. (Id. at 5.) FedEx argues it "satisfied its initial burden at summary judgment by producing a copy of the General Release in which Plaintiff knowingly and voluntarily released and discharged FedEx Ground from any and all claims arising out of his employment and/or termination of employment with FedEx Ground[.]" (Doc. 53 at 5.)

4

FedEx emphatically argues "that it is Plaintiff's burden to demonstrate that he did not execute a knowing and voluntary waiver." (Id. at 6 (emphasis omitted).) FedEx is wrong.

The Magistrate Judge correctly observed that the Eleventh Circuit requires a release of a cause of action under Title VII to be voluntary and knowing based on the totality of the circumstances. (Doc. 47 at 9-10 (quoting Myricks v. Federal Reserve Bank of Atlanta, 480 F.3d 1036, 1040 (11th Cir. 2007)).) Waivers of remedial rights, like Title VII, "must be closely scrutinized." Puentes v. United Parcel Service, Inc., 86 F.3d 196, 198 (11th Cir. 1996). This mandated scrutiny includes consideration of certain identified factors:

> [T]he plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

(Doc. 47 at 10 (quoting Myricks, 480 F.3d at 1040)); see also Puentes, 86 F.3d at 198.

FedEx does not dispute the Magistrate Judge's finding that it failed to address any of these factors in support of its motion for summary judgment. (See generally doc. 53.) Instead, it points to the release itself which contains language that it was executed "knowingly and voluntarily." (Id. at 5-6.) While this language

may be relevant to the Court's required consideration of the "totality of the circumstances" surrounding the execution of the release, it is not enough to support a finding, as a matter of law, that Futch released his Title VII claim knowingly and voluntarily. The Eleventh Circuit has found reversible error where a district court enforces a waiver of remedial rights without considering the Puentes factors. Bledsoe v. Palm Beach Cnty. Soil & Water Conservation Dist., 133 F.3d 816, 819-20 (11th Cir. 1998) ("The factors set forth in Puentes should have been considered by the district court in this case. . . . Each factor should be independently analyzed."). The Magistrate Judge was, and the Court remains, unable to conduct the requisite analysis here, because FedEx did not even acknowledge the relevant analysis in its brief.

The Magistrate Judge did not err in his observation that FedEx "[did] not even reference these factors, much less carry its burden of demonstrating there is no dispute of material fact such that summary judgment is appropriate." (Doc. 47 at 10.) Because FedEx did not carry its initial burden on summary judgment, the burden never shifted to Futch to demonstrate an existence of material fact.[2] See, e.g., Rice-Lamar, 232 F.3d at 840 (explaining burden

---

[2] When providing the factual background for FedEx's Motion, the Magistrate Judge acknowledged Futch's conclusory argument that he "never voluntarily sign[ed] anything but the worker's compensation agreement settlement that was approved." (Doc. 47 at 9.) Because the Magistrate Judge then found that FedEx never discharged its initial burden, the Magistrate Judge did not rely on Futch's

6

shifting on summary judgment). Summary judgment is, therefore, properly denied.

Summary judgment is appropriately denied for another reason. FedEx's motion is based solely on the existence of a release, which is an affirmative defense. See Perry v. Merit Sys. Protection Bd., 582 U.S. 420, 435 n.9 (2017) ("In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief . . . ."); Rakip v. Paradise Awnings Corp., 514 F. App'x 917, 920 (11th Cir. 2013) ("Release is an affirmative defense . . . ."). Where a summary judgment movant "bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." Int'l Stamp Art, Inc. v. U.S. Postal Serv., 456 F.3d 1270, 1274 (11th Cir. 2006). This binding case law shows that FedEx, not Futch, bears the ultimate burden of proof at trial on the existence and enforcement of the release.[3]

---

argument in the analysis resulting in his recommended disposition. (Id. at 9-10.)

[3] FedEx cites to two nonbinding cases from the Northern District of Georgia and one nonbinding case from the Seventh Circuit to support its argument that "it is Plaintiff's burden to demonstrate that he did not execute a knowing and voluntary waiver." (Doc. 53 at 6-7 (citing Alfonso v. Cumulus Media, Inc., 2021 WL 5033479, at *3 (N.D. Ga. Oct. 15, 2021); Howell v. Motorola, Inc., 633 F.3d 552, 559 (7th Cir. 2011); In re Suntrust Banks, Inc. ERISA Litigation, 2016 WL 4377131, at *3 (N.D. Ga. Aug. 17, 2016)).) Considering the binding Eleventh Circuit precedent identifying FedEx as carrying the burden on its affirmative defense, and the binding Eleventh Circuit precedent explaining its burden on

7

Because it carries the ultimate burden of proof at trial, to obtain summary judgment FedEx was required to:

> show <u>affirmatively</u> the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

<u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115 (11th Cir. 1993) (quoting <u>United States v. Four Parcels of Real Prop. in Green & Tuscaloosa Cntys. in Ala.</u>, 941 F.2d 1428, 1438 (11th Cir. 1991)). Again, FedEx's failure to even acknowledge the mandatory analysis of the voluntary and knowing nature of the Title VII release means it did not meet this burden. FedEx's objections are, therefore, **OVERRULED**, (doc. 53), the Report and Recommendation is **ADOPTED**, as modified by the analysis above, (doc. 47), and FedEx's Motion for Summary Judgment is **DENIED**, (doc. 38). The Clerk is **DIRECTED** to lift the stay. (<u>See</u> doc. 47 at 14; doc. 35 at 2.) FedEx and Futch

---

summary judgment considering its ultimate burden at trial, these three nonbinding cases are not persuasive.

8

are **DIRECTED** to confer as required by Rule 26(f) and submit a joint Rule 26(f) report within 30 days from the date of this Order.

**SO ORDERED** this 18th day of September 2023.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA