## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-295 |
| | ) | |
| FEDEX GROUND, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

*Pro se* plaintiff John Randall Futch moves for a hearing and/or to stay the case pending a response to an inquiry filed with the Department of Justice. Doc. 68. Futch claims that the United States, through its law enforcement agents, has shot at his car and broken into his home to damage his personal property. *See id.* at 2; doc. 73 at 6 (bill for windshield replacement), 7-10 (police report noting damage to Futch's couch and Versace sandals). He alleges that there is a "nexxus" [sic] between Defendant FedEx Ground ("FedEx") and the United States, and suggests that the Department of Justice inquiry could resolve the question of the "misconduct" against him. Doc. 68 at 2. FedEx counters that any inquiry as to whether it is responsible for the actions Futch alleges were undertaken by the government should be the subject of fact

discovery. Doc. 71 at 1. The Court agrees–with one caveat. While FedEx may be willing to indulge Futch's "theories" about how the United States is plotting against him and using FedEx as a tool in its scheme, the Court is not.

From the beginning of this case, Futch has insisted that the United States has been intentionally targeting him and causing damage to "his cars, apartments, and personal property." Doc. 1-1 at 8; *see also e.g.,* doc. 52 at 3 ("[F]ederal officials violate his civil rights in damaging his cars intentionally for no reason."). He alleges this harassment began as the result of "a medical malpractice claim" wherein "chemo therapy was used as a weapon to harm" him. Doc. 1-1 at 8; *see also e.g.,* doc. 52 at 2 ("What underlies all of that is since learning he never had cancer but was treated for it by a physician out of the Savannah area this has affected each and every aspect of his life that affected his employment and as noted his personal property and vehicles damages."). The Complaint included "Civil Rights Act of 1964" claims against the United States, Merrick B. Garland, and "all federal agencies"–as well as an allegation that the United States "caused interference with [his] employment" at FedEx and "directed [FedEx] to cause harm against" him. Doc. 1-1 at 8-9.

2

The United States, Attorney General Garland, and "all federal agencies" are no longer parties in this case. *See* doc. 54 at 2 (granting Attorney General Garland and the United States' Motion to Dismiss). Futch has no remaining claims against the United States. *See* doc. 54 at 2. Yet his filings continue to include bizarre allegations of government misconduct. *See* doc. 68 at 1-2 (claiming there is a nexus between the United States and FedEx and that law enforcement shot at his car "[o]n the eve[] of the first settlement proposal by [FedEx]" and later entered his home to cut his leather loveseat); *see generally* doc. 73 (reiterating his belief that the United States is intentionally targeting him because a doctor mistakenly treated him for cancer and that, through "others, informants, [and] FBI Agent," it has damaged his cars and personal property, hacked his accounts, and disabled his home security system to break into his house).

Throughout this litigation, FedEx has taken Futch's apparently paranoid accusations at face value. *See, e.g.,* doc. 71 at 1 ("To the extent Plaintiff contends that FedEx Ground was in any way responsible for [Futch's windshield being shot and his loveseat cut], it would not warrant a stay of proceedings but would instead be the subject of fact discovery.").

It also generously and liberally construed his allegations as stating a Title VII claim. *Compare* doc. 1-1 at 8 ("The Plaintiff got intentionally injured and was later discriminated against all in violation of the 1964 Civil Rights Act.") *with* doc. 38-1 at 2 ("Plaintiff filed a lawsuit in Chatham County Superior Court alleging that FedEx Ground discriminated against him in violation of Title VII."). The Court initially deferred to what appeared to be a represented party's strategic decision, but can longer allow Futch's course of conduct to continue unchecked. Futch has already been warned that his *pro se* status does not exempt him from compliance with the Federal Rules of Civil Procedure. *See* doc. 47 at 14; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). This includes Rule 11.

Rule 11(b) provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies" to the best of his knowledge that the "the factual contentions have evidentiary support or . . . will likely have evidentiary support after . . . discovery." Fed. R. Civ. P. 11(b)(3). The

purpose of Rule 11 is to deter baseless filings. *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (internal quotations and citations omitted). Futch's filings regarding a government plot against him seem to violate Rule 11, since they are of the type recognized as frivolous. *See, e.g.*, *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (noting that district courts have dismissed for "patent insubstantiality" claims that "plaintiff was subjected to a campaign of surveillance and harassment deriving from uncertain origins"); *Grady v. U.S. Dept. of Defense*, 2017 WL 35531, at *2 (S.D. Fla. Jan. 4, 2017) ("In this action, Plaintiff's allegations of extreme forms of government surveillance and harassment are of the sort of bizarre conspiracy theory that warrant dismissal."); *Fontanez v. Berger*, 2022 WL 3646353, at *8 (D.D.C. Aug. 24, 2022) (finding claims of "a long-running and far-reaching conspiracy, executed between countless entities and individuals, allegedly causing [Plaintiff] many misfortunes . . ." to be frivolous); *Jacubus v. Huerta*, 2013 WL 1723631, at *6 (S.D.W. Va. Apr. 22, 2013) (finding allegations of a governmental surveillance conspiracy to be "the sort of 'delusional,' 'fantastic,' and 'fanciful' claims that warrant dismissal.")

Like the fanciful allegations discussed in the cases above, Futch's insistence that the United States is conspiring with FedEx–a private entity not in any way associated with the federal government–to target him personally and to shoot at his car, break into his home, rip his couch, and ruin his designer shoes, strain the bounds of reality. *See generally* doc. 73; *see also* doc. 1-1 at 8-9 (accusing the United States of intentionally damaging his cars, apartments, and personal property and directing FedEx to harm him); doc. 7 at 9 (accusing United States officials, "state police," and "City Leaders of Savannah" of bullying him, threatening him, damaging his personal property, poisoning his service animal, inducing someone to pull a gun on him, and inducing a restaurant employee to threaten to kill him); doc. 21 at 1-2 (informing the Court that "someone" entered his home, cut up his clothing, poisoned his service animal (again), tried to run him off the road, and broke into and damaged his car);  doc. 31 at 1-2 (requesting the United States "[a]dmit that Agent's [sic] out of the Office of the FBI in Statesboro, Ga., colluded with other's [sic] in an unlawful way against the Plaintiff" and "colluded with other's [sic] while the Plaintiff was employed at Fedex Ground continuing"); doc. 37 at 2 (accusing "federal and state actors" of colluding

against him because he was accidentally locked in his apartment and "Ontech Services" did not cover the cost of a technician coming to let him out of the apartment); doc. 37 at 3 (alleging that $71.33 was removed from his "account" and that his taxes "have been interfered with since 2018"); doc. 45 at 1-2 (accusing FedEx, "officials[,] and others planted around" him of damaging his vehicles and breaking into his home); doc. 52 at 2-3 (accusing the United States of damaging his vehicles and personal property "intentionally" because "he never had cancer but was treated for it by a physician out of the Savannah area"); doc. 68 at 2 (accusing the United States of damaging his car windshield and loveseat and having a "nexxus" [sic] with FedEx); doc. 73 at 2 (accusing the United States of damaging his cars and personal property and intentionally hacking his accounts to protect the physician who "grossly" treated him for "'Stage Four cancer'"); doc. 73 at 7-10 (accusing the United States of breaking into his home to rip his couch and damage his Versace sandals because "he has refuse[d] to take the settlement" offered in this case). It appears, then, that no amount of discovery will substantiate them. *See* Fed. R. Civ. P. 11(b)(3).

Failure to comply with Rule 11 can result in sanctions. Sanctions are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," Fed. R. Civ. P. 11(c)(4), and can be monetary or nonmonetary directives, including dismissal of an action. *See. e.g., McDonald v. Emory Healthcare Eye Center*, 391 F. App'x 851, 853 (11th Cir. 2010) (holding that a district court did not abuse its discretion in dismissing a petitioner's complaint as a sanction for numerous Rule 11(b) violations). However, before a Court may impose sanctions under Rule 11, it must provide "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1).

Accordingly, the Court **DIRECTS** Futch to respond to this Order no later than March 22, 2024,[1] and **SHOW CAUSE** why he should not be subject to sanctions for his baseless filings. Futch is advised that failure to comply with this Order will result in a recommendation that this case be dismissed. *See e.g.*, Fed. R. Civ. P. 41(b).

---

[1] The Court acknowledges Futch's "notice" that he "will be away and not available" through March 31, 2024. *See* doc. 74. The Court does not "withhold rulings" because a party is "away" and it might be inconvenient for that party to respond to the Court's Orders. *See id.* at 1-2. This is an active case and the Court will treat it as such. To the extent Futch may need additional time to respond to any Orders or motions, or to comply with discovery deadlines, he may make a showing of good cause and move for an extension of time per Rules 6(b)(1)(A) and 16(b)(4) of the Federal Rules of Civil Procedure.

Furthermore, since Futch's motion to stay discovery and/or hold a hearing is based on the fanciful allegations discussed above, it is **DENIED**.  Doc. 68.  The Court will enter a Scheduling Order consistent with the parties' Rule 26(f) Report, doc. 69.  The parties may proceed with discovery relating to Futch's claim that FedEx, his former employer, discriminated against him in violation of the Civil Rights Act of 1964.[2] Commencement of discovery does not relieve Futch from his obligation to respond to this Order.

      **SO ORDERED**, this 7th day of March, 2024.

_Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Futch's only remaining "claim" states in full:

> Here, the Plaintiff was a previously [*sic*] employee of "Fedex Ground" as a package handler.  The Plaintiff got intentionally injured and was later discriminated against all in violation of the 1964 Civil Rights Act.  It is worth noting while under Workers Compensation Claim the Plaintiff was wrongfully terminated.  The first EEOC complaint filed was dismissed and the second EEOC Fedex Ground was formally charged.  My rights were violated all in violation of the 1964 Civil Rights Act.

Doc. 1-1 at 7-8.