UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-295 |
| | ) | |
| FEDEX GROUND, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Throughout these proceedings, *pro se* Plaintiff John Randall Futch has repeatedly referenced a government plot against him. Futch alleges that after he was misdiagnosed with Stage Four cancer, the United States[1] began conspiring with his employer, Defendant FedEx Ground ("FedEx"), to target, stalk, threaten, and harass him in order to protect the doctor who used "chemo therapy [sic] . . . as a weapon to harm" him. Doc. 1-1 at 8; *see also id.* at 8-9 (accusing the United States of intentionally damaging his cars, apartments, and personal property and directing FedEx to harm him); doc. 7 at 9 (accusing United States

---

[1] Attorney General Merrick B. Garland, the United States, and "all federal agencies" were initially defendants in this action. *See generally* doc. 1-1 (Complaint); *see also* doc. 54 (granting Attorney General Garland and the United States' Motion to Dismiss).

1

officials, "state police," and "City Leaders of Savannah" of bullying him, threatening him, damaging his personal property, poisoning his service animal, inducing someone to pull a gun on him, and inducing a restaurant employee to threaten to kill him); doc. 21 at 1-2 (informing the Court that "someone" entered his home, cut up his clothing, poisoned his service animal (again), tried to run him off the road, and broke into and damaged his car); doc. 31 at 1-2 (requesting the United States "[a]dmit that Agent's [sic] out of the Office of the FBI in Statesboro, Ga., colluded with other's [sic] in an unlawful way against the Plaintiff" and "colluded with other's [sic] while the Plaintiff was employed at Fedex Ground continuing"); doc. 37 at 2 (accusing "federal and state actors" of colluding against him because he was accidentally locked in his apartment and "Ontech Services" did not cover the cost of a technician coming to let him out of the apartment); *id.* at 3 (alleging that $71.33 was removed from his "account" and that his taxes "have been interfered with since 2018"); doc. 45 at 1-2 (accusing FedEx, "officials[,] and others planted around" him of damaging his vehicles and breaking into his home); doc. 52 at 2-3 (accusing the United States of damaging his vehicles and personal property "intentionally," including shooting "pellets from a drone" at his

2

car, because "he never had cancer but was treated for it by a physician out of the Savannah area"); doc. 68 at 2 (accusing the United States of damaging his car windshield and loveseat and having a "nexxus" [sic] with FedEx since he "was treated for Stage Four Cancer in [sic] which he never had."); doc. 73 at 2 (accusing the United States of damaging his cars and personal property and intentionally hacking his accounts to protect the physician who "grossly" treated him for "'Stage Four cancer'"); *id.* at 7-10 (police reports containing Futch's accusations that the "Federal Government" broke into his home to rip his couch and damage his Versace sandals because "he has refuse[d] to take the settlement" offered in this case).  Because claims of government conspiracies, surveillance, and harassment are generally recognized as frivolous, the Court ordered Futch to show cause as to why his case should not be dismissed as violative of Rule 11(b).  *See* doc. 76 at 2-8; *see also e.g., Grady v. U.S. Dept. of Defense, 2017 WL 35531*, at \*2 (S.D. Fla. Jan 4, 2017) ("In this action, Plaintiff's allegations of extreme forms of government surveillance and harassment are the sort of bizarre conspiracy theory that warrant dismissal.").

    In his response to the show cause order, Futch insists on a grand

conspiracy against him. *See generally* doc. 77. He reiterates that "[t]his all started after being treated for 'Stage Four Cancer' . . . which [he] never had." *Id.* at 3-4. He alleges that he met a woman from Statesboro who had also been misdiagnosed and who knew of "an individual that was then traveling to Washington, D.C. meeting with the Trump advisors." *Id.* at 4. The woman warned him that he "needed to be careful." *Id.* Futch also alleges–for apparently the first time–that the staff at the Holiday Inn Express, where he worked from roughly 2015 to 2023, was colluding with FedEx to "undermine the process of this ongoing case" and his employment at the hotel. *Id.* at 3. The Holiday Inn Express manager and other employees were "deeply involved" in the conspiracy and had personal knowledge of Futch's false Stage Four cancer diagnosis and his "situation." *Id.* at 3-4. Futch maintains that his cars, home, and personal property have been damaged for years on end in connection with this "situation" and that FedEx is "collud[ing] with others in bad acts." *Id.* at 4-5. While he says he "has no personal issues with the Government[,] . . . there is a problem and it must go away." *Id.* at 5.

In other words, Futch does not dispute that his case against FedEx is about a sprawling conspiracy between the government and FedEx to

4

target and harass him personally. *See generally* doc. 77. He was given a reasonable opportunity to show cause as to why he should not be subject to sanctions for his fanciful allegations of a government plot against him, which appear in numerous filings throughout this case, from the Complaint, *see* doc. 1-1 at 7-10, to his Motion to Stay Proceedings, *see* doc. 68. *See* Fed. R. Civ. P. 11(c)(1), (3). Instead, he used the opportunity to double down on his conspiracy theories. *See generally* doc. 77.

The Court should find that Futch's claims are frivolous and his submissions, including his Complaint, motions, letters, memorandums, and affidavits, violate Rule 11. *See* doc. 1-1 (Complaint); doc. 7 (Response to Motion to Dismiss); doc. 21 (Correspondence to the Court); doc. 37 ("Affidavit"); doc. 45 (Correspondence to the Court); doc. 52 (Response to prior R&R); doc. 68 (Motion to Stay); doc. 73 (Reply in support of Motion to Stay). *See, e.g.*, *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (noting that district courts have dismissed for "patent insubstantiality" claims that "plaintiff was subjected to a campaign of surveillance and harassment deriving from uncertain origins"); *Grady*, 2017 WL 35531, at *2 ("In this action, Plaintiff's allegations of extreme forms of government surveillance and harassment are of the sort of

bizarre conspiracy theory that warrant dismissal."); *Fontanez v. Berger*, 2022 WL 3646353, at *8 (D.D.C. Aug. 24, 2022) (finding claims of "a long-running and far-reaching conspiracy, executed between countless entities and individuals, allegedly causing [Plaintiff] many misfortunes . . ." to be frivolous); *Jacubus v. Huerta*, 2013 WL 1723631, at *6 (S.D.W. Va. Apr. 22, 2013) (finding allegations of a governmental surveillance conspiracy to be "the sort of 'delusional,' 'fantastic,' and 'fanciful' claims that warrant dismissal.").

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citation and quotation omitted). A sanction imposed for a Rule 11 violation "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situation." Fed. R. Civ. P. 11(c)(4). In determining the appropriate sanction, the Court should consider: "(1) whether the improper conduct was willful, or negligent; (2) whether it was part of a pattern of activity, or an isolated event; (3) whether it infected the entire pleading, or only one particular count or defense; (4) whether the person has engaged in similar conduct in other

6

litigation; (5) whether it was intended to injure; (6) what effect it had on the litigation process in time or expense; (7) whether the responsible person is trained in the law; (8) what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and (9) what amount is needed to deter similar activity by other litigants." *McDonald v. Emory Healthcare Eye Ctr.*, 391 F. App'x 851, 853 (11th Cir. 2010) (citing Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments)) (internal quotations and alterations omitted). Here, Futch's outlandish claims of a government conspiracy are a pattern of activity that permeate these entire proceedings and have occupied the Court and the Defendants' time and resources. However, Futch is a *pro se* litigant, untrained in the law, and it is unclear what financial resources he may have to pay monetary sanctions for his violation. Therefore, to deter Futch from filing additional baseless claims, and to deter others from similarly vexatious conduct, the Court should **DISMISS** Futch's case. *See McDonald*, 391 F. App'x at 853 (holding that a district court did not abuse its discretion in dismissing a petitioner's complaint as a sanction for numerous Rule 11(b) violations).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2th day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA