# In the United States District Court for the Southern District of Georgia Savannah Division

JOHN RANDALL FUTCH,

Plaintiff,

v.

FEDEX GROUND,

Defendant.

4:22-cv-295

## ORDER

Before the Court is the Magistrate Judge's April 2, 2024, Report and Recommendation (hereinafter "the Report"). Dkt. No. 80. Therein, the Magistrate Judge recommends sanctioning Plaintiff John Randall Futch pursuant to Federal Rule of Civil Procedure 11 by dismissing this case. Id. at 5–7. Plaintiff timely filed objections to the Report. Dkt. No. 81.

For the reasons expressed herein, the Court **DEFERS consideration of** the Report, and Plaintiff's objections thereto, until after discovery has been completed and the Court can accurately determine whether there is evidentiary support for Plaintiff's factual contentions.

## BACKGROUND

This case arises out of an employment dispute between Plaintiff and his employer, Defendant FedEx Ground Package System,

Inc. (hereinafter "Defendant" or "FedEx"). Plaintiff claims FedEx, as part of a conspiracy involving the Federal Government,[1] discriminated against him in violation of Title VII of the Civil Rights Act. See Dkt. No. 1-1 at 7–8. Since removal of this case from Chatham County Superior Court, FedEx has moved for summary judgment twice, both times asserting that Plaintiff's Title VII claims are barred by a general release.[2] Dkt. No. 12 (first motion for summary judgment); Dkt. No. 38 (second motion for summary judgment). The Court denied both motions. Dkt. No. 35 (terminating Defendant's first motion as moot); Dkt. No. 54 (denying Defendant's second motion). After denial of FedEx's second motion for summary judgment, the Magistrate Judge held a settlement conference, but the parties were unable to reach a resolution. Dkt. No. 65.

Following the unsuccessful settlement conference, discovery commenced, and Plaintiff subsequently filed a motion to stay the case pending resolution of an inquiry he filed with the Department of Justice. Dkt. No. 68. In an order denying that motion, the Magistrate Judge noted that, from the outset of this case,

---

[1] In addition to FedEx, Plaintiff also sued United States Attorney General Merrick Garland, the United States of America, and its agencies, dkt. no. 1-1 at 7, but those parties were ultimately dismissed based on sovereign immunity, dkt. no. 54.

[2] To be clear, in neither of those motions for summary judgment did FedEx argue that there was a lack of evidentiary support for Plaintiff's factual contentions. Therefore, the Court has had no reason to address whether a material issue of fact exists in this case.

Plaintiff has insisted that the United States has intentionally targeted him by conspiring with FedEx. Dkt. No. 76 at 2. And even though Plaintiff had "no remaining claims against the United States," "his filings continue to include bizarre allegations of government misconduct." Id. at 3. The Magistrate Judge explained Plaintiff's continued claims "that the United States is conspiring with FedEx . . . to target him personally" are the type of "fanciful allegations" that may be sanctionable under Rule 11. Id. at 6. Accordingly, the Magistrate Judge ordered Plaintiff to show cause as to "why he should not be subject to sanctions for his baseless filings." Id. at 8. Plaintiff complied with the Magistrate Judge's show cause order, filing a timely response thereto, dkt. no. 77, and the Magistrate Judge thereafter issued the Report, dkt. no. 80.

In the Report, the Magistrate Judge recommends the Court dismiss Plaintiff's suit as a sanction for his apparent violations of Rule 11. See Dkt. No. 80 at 7 ("To deter Plaintiff from filing additional baseless claims, and to deter others from similarly vexatious conduct, the Court should dismiss Plaintiff's case." (cleaned up)). Plaintiff filed objections to the Report. Dkt. No. 81. FedEx filed a response to the objections, dkt. no. 82, and Plaintiff filed a reply, dkt. no. 83. The Report, and Plaintiff's objections thereto, are now ripe for review.

## DISCUSSION

In the Report, the Magistrate Judge finds that Plaintiff "has repeatedly referenced a government plot against him." Dkt. No. 80 at 1. And "[b]ecause claims of government conspiracies, surveillance, and harassment are generally recognized as frivolous," the Magistrate Judge recommends dismissing Plaintiff's case. Id. at 3, 7 (citations omitted). As support for that recommendation, the Magistrate Judge painstakingly details what he determined to constitute Plaintiff's violative conduct. Id. at 2–5. But at this stage in the proceedings, the Court finds it would be premature to sanction Plaintiff for filings that are allegedly not based in fact.

Rule 11 provides, in relevant part, that "[b]y presenting to the court a pleading, written motion, or other paper[,] . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If a court "determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." Fed. R. Civ. P. 11(c)(1). Generally, a district court *may* impose sanctions in three

circumstances: (1) "when a party files a pleading that has no reasonable factual basis"; (2) "when the party files a pleading that is based on a legal theory that has no reasonable chance of success"; or (3) "when the party files a pleading in bad faith or an improper purpose." Anderson v. Smithfield Foods, Inc., 353 F.3d 912, 915 (11th Cir. 2003) (quotations omitted); see also Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988) ("The imposition of sanctions under [Rule 11] lies within the district court's sound exercise of discretion." (citations omitted)). According to the Magistrate Judge, sanctions are warranted in this case because Plaintiff's submissions to the court have "no reasonable factual basis." Anderson, 353 F.3d at 915.

The Eleventh Circuit has promulgated a framework for district courts to apply in determining whether a pleading has a reasonable factual basis. See, e.g., Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). But the Court need not employ that framework today, as the Eleventh Circuit has also stated that this determination is better left to the end of litigation. See id. at 523 ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'" (quoting Donaldson v. Clark, 819 F.2d 1551, 1555 (11th Cir. 1987))); Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (same). At the very least, a court should wait to impose Rule 11 sanctions until the record

exhibits a "clear exhibition of [] [P]laintiff's claims[] or a discussion of the factual bases of [his] claims." Thomas v. Evans, 880 F.2d 1235, 1244 n.12 (11th Cir. 1989) (citations omitted). Plaintiff's case has not yet reached the "end of litigation," as discovery has yet to conclude. See Dkt. No. 75.

The Court agrees with the Magistrate Judge that Plaintiff's continued assertions of a conspiracy between FedEx and the Federal Government are both alarming and, at this point, unsupported. And were those the only factual contentions present, the Court may be inclined to issue sanctions at this point. But they are not. As early as his initial complaint, Plaintiff has alleged that FedEx, independent of the alleged conspiracy, discriminated against him in violation of Title VII. Dkt. No. 1-1 at 7-8. And in his response to the Magistrate Judge's show cause order, Plaintiff maintained his position, stating that FedEx discriminated against him when "staff walk[ed] him out of the facility during a worker[']s [c]ompensation claim and later terminated him." Dkt. No. 77 at 2. In that same response, Plaintiff also alleges instances of physical aggression from other FedEx employees that went unchecked by FedEx. Id. at 2-3. These allegations are not necessarily fanciful nor outlandish enough for the Court to find them violative of Rule 11 at this stage. Indeed, FedEx has yet to file a motion for summary judgment that calls into question the evidentiary support for Plaintiff's factual allegations. See Thomas, 880 F.2d at 1244 n.12

(finding Rule 11 sanctions were premature where "[t]he defendants had not filed a motion to dismiss or a motion for summary judgment"); Donaldson, 819 F.2d at 1555 (finding Rule 11 sanctions based on the factual adequacy of a complaint are best considered after the parties have moved for summary judgment and have been given notice and opportunity to identify any genuine issues of material fact).

**CONCLUSION**

The parties have not had the opportunity to litigate fully the veracity of Plaintiff's factual contentions. Accordingly, the Court **DEFERS consideration of** the Magistrate Judge's Report and Recommendation, dkt. no. 80, until after the parties have had the chance to complete discovery and present any summary judgment motions to the Court. Further, to ensure that the parties have a full and fair opportunity to complete discovery, the scheduling order, dkt. no. 75, is hereby **AMENDED** as follows.

| Event | Deadline |
|---|---|
| **Written Discovery** | July 10, 2024 |
| **Discovery Depositions of Fact Witnesses** | August 9, 2024 |
| **Service of Plaintiff's Expert Witness Reports** | August 16, 2024 |
| **Service of Defendant's Expert Witness Reports** | August 16, 2024 |

| | |
|---|---|
| **Discovery Status Report** | August 23, 2024 |
| **Discovery Depositions of Expert Witnesses** | August 26, 2024 |
| **All Civil Motions (Including Daubert Motions; Excluding Motions in Limine)** | September 23, 2024 |
| **Depositions of All Witnesses Taken for Use at Trial** | October 23, 2024 |
| **Proposed Pretrial Order** | November 22, 2024 |

**SO ORDERED** this 31st day of May, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA