UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN RANDALL FUTCH,                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )       CV422-295
                                   )
FEDEX GROUND,                      )
                                   )
        Defendant.                 )

# ORDER

Before the Court are three motions from *pro se* Plaintiff John Randall Futch to compel production of various records from third parties. In particular, Futch seeks an employment application and verification for a non-party individual from "Crossroad Pointe LLC d/b/a Holiday Inn Express" ("Holiday Inn Express"), doc. 84; phone and text records involving a non-party individual from Verizon Wireless ("Verizon"), doc. 85; and security footage from a McDonald's in Port Wentworth, doc. 86.

Under the Federal Rules, the proper vehicle for serving discovery requests on third parties is a subpoena. *See* Fed. R. Civ. P. 45; *see also Brown v. Johnson*, 2016 WL 5387640, at *2 (S.D. Ga. Sept. 23, 2016) ("[A] party must obtain a subpoena issued pursuant to Federal Rule of Civil

1

Procedure 45 to compel a nonparty to produce documents."). Futch sent requests for production, not subpoenas, to Holiday Inn Express and the Port Wentworth McDonald's. *See* doc. 84 at 6 (serving a "request for production" on Holiday Inn Express); doc. 86 at 4 (serving a "request for production" on McDonald's); *see also* Fed. R. Civ. P. 34(a) ("A party may serve *on any other party* a request . . ." (emphasis added)). Accordingly, Futch's Motions to Compel Holiday Inn Express and McDonalds are **DENIED** for failure to comply with the Federal Rules of Civil Procedure. Docs. 84 & 86. Futch has been advised–*twice*–that his *pro se* status does not exempt him from compliance with the Federal Rules of Civil Procedure. *See* doc. 47 at 14; doc. 76 at 4; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). To comply with the Federal Rules, all future third-party discovery must be sought through subpoenas.

As a *pro se* plaintiff, Futch is only entitled to the issuance of a subpoena upon the Court's approval. *See Heaggins v. Thomas*, 2021 WL 5456974, at *1 (S.D. Ga. Nov. 22, 2021) ("'A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of

documents from non-parties upon Court approval.'" (quoting *Wright v. Young*, 2012 WL 2945598, at *2 (N.D. Fla. July 18, 2012)).  Pursuant to the Court's Standing Order of January 16, 1996, Futch is **DIRECTED** to request the Court to issue subpoenas in writing.  *See* MC 496-06 (S.D. Ga. Jan. 16, 1996).[1]  Any request for the Court to issue a subpoena must explain "the need for the subpoena, the [person or entity] to be subpoenaed, and the relevance of the documents to be subpoenaed, if any."  *Id.*  The Court must grant the request and direct the Clerk to issue a subpoena before any subpoenas will be issued.[2]

Even though he did not comply with Court's Standing Order of January 16, 1996, and the Court did not approve the issuance of a subpoena, Plaintiff managed to obtain a subpoena from the Clerk as to his request for phone and text records from Verizon.  *See* doc. 85 at 6.  That subpoena was issued in error.  Accordingly, the Court **QUASHES**

---

[1] The Court **DIRECTS** the Clerk to attach a copy of that order to the service copy of this Order.

[2] The Court has a duty to "prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes."  *Keith v. Mayes*, 2010 WL 3339041, at *1 (S.D. Ga. Aug. 23, 2010).  In determining whether issue the subpoena, the Court will consider "whether the production sought by Plaintiff . . . fall[s] within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)[.]"  *Heaggins*, 2021 WL 5456974, at *1 (quoting *Wright*, 2012 WL 2945598, at *2).  The Court will also consider whether responding to the subpoena would pose an undue burden or expense on the person responding to the subpoena.  *Id.*

the Verizon subpoena as invalid and unenforceable, doc. 85 at 6, and **DIMISSES as moot** Futch's Motion to Compel Verizon Wireless, doc. 85. Even if the subpoena had been properly issued, the Court would still quash it because, as Verizon points out in its response to Futch, the request is too vague, *see id.* at 5. Futch requested "phone records and or text bearing number 907-290-6741 beginning June 1, 2023 thru January 1, 2024." *Id.* at 6. Because of the subpoena's vagueness and overbreadth, compliance would unduly burden Verizon and, even if procedurally proper, the subpoena would be appropriately quashed. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv); *see also United States Willis v. SouthernCare, Inc.*, 2015 WL 5604367, at *9 (S.D. Ga. Sept. 23, 2015) (holding that the court will consider, among other things, the breadth of a document request and the particularity with which the party describes the requested documents in determining whether a subpoena imposes an undue burden).

Moving forward, Futch must comply with the Court's Standing Order of January 16, 1996. He must submit written requests to the Court for subpoenas, as needed, and include in any such request an explanation as to why he needs the subpoena, who he is subpoenaing, and the relevant of any documents to be subpoenaed. *See* MC 496-06 (S.D. Ga.

4

Jan. 16, 1996). Any failure to comply with these procedures will be deemed in disregard of this Order, subjecting him to possible sanctions including dismissal of this case. *Cf.* Fed. R. Civ. P. 41(b).

Any further failure to comply with Federal Rule of Civil Procedure 45 will also be deemed in disregard of this Order and may subject him to possible sanctions, including dismissal of this case. *Cf.* Fed. R. Civ. P. 41(b). This includes, but is not limited to, Rule 45's directive that subpoenas may not be served by parties. *See* Fed. R. Civ. P. 45(b)(1). Futch attempted to serve the Verizon subpoena himself. *See* doc. 85 at 7. Per Rule 45, the person who serves the subpoena must not be a party to the case. Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and *not a party* may serve a subpoena." (emphasis added)). A non-party must serve any subpoenas Futch obtains, and Futch will bear the burden of his own discovery expenses. *See Wilkerson v. Georgia*, 2015 WL 5449144, at *1 (S.D. Ga. Sept. 10, 2015).

Furthermore, Futch is **DIRECTED** to inform Verizon, through whatever means he has been communicating with the company thus far, that the subpoena he served is invalid and has been quashed. The Clerk is **DIRECTED** to send a copy of this Order to: Verizon Security Subpoena

Compliance, 180 Washington Valley Rd., Bedminster, NJ 07921. Finally, the Clerk is **DIRECTED** not to issue any further subpoenas requested by Futch unless directed by the Court. The Clerk is also **DIRECTED** to file any subpoenas he requests–or any AO 88, AO 88B, or AO 88A forms Futch may present in an attempt to obtain a subpoena without the Court's prior approval–on the docket.

**SO ORDERED**, this 5th day of June, 2024.

*/s/ Christopher L. Ray*
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA