UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN RANDALL FUTCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-295 |
| | ) | |
| FEDEX GROUND, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

*Pro se* plaintiff John Randall Futch seeks to hold Mitchell Bober, in-house counsel for Defendant FedEx Ground ("FedEx"),[1] in contempt for failing to respond to a subpoena. *See* doc. 100. As a *pro se* plaintiff, Futch is only entitled to the issuance of a subpoena upon the Court's approval. *See Heaggins v. Thomas*, 2021 WL 5456974, at *1 (S.D. Ga. Nov. 22, 2021) ("'A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents . . . upon Court approval.'" (quoting *Wright v. Young*, 2012 WL 2945598, at *2 (N.D. Fla. July 18, 2012)). Pursuant to the Court's Standing Order of January 16,

---

[1] Futch refers to Bober as "lead counsel" for FedEx. Doc. 100 at 1, 6. He is not. *See generally* docket; *see also* doc. 88 at 1 n.1 (identifying Bober as in-house counsel for FedEx).

1

1996, Futch is required to make a written request to the Court to issue subpoenas. *See* MC 496-06 (S.D. Ga. Jan. 16, 1996); *see also* doc. 92 (informing Futch of this requirement.)  He did not request that the Court issue this subpoena, nor did the Court approve the issuance of this subpoena. *See generally* docket. The subpoena was issued in error. Accordingly, the Court **QUASHES** the subpoena as invalid and unenforceable, doc. 100 at 5, and **DISMISSES as moot** Futch's Motion for Contempt. Doc. 100.

Even if the subpoena had not been issued in error, it is procedurally deficient in that it does not comply with Rule 45. First, service of a subpoena must be "reasonably calculated to ensure receipt of the subpoena by the" person being subpoenaed. *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616 (S.D. Fla. 2019); *see also Castleberry v. Camden County*, 331 F.R.D. 559, 561-62 (S.D. Ga. 2019). Taping the subpoena to the door of FedEx's headquarters after close of business does not appear "reasonably calculated" to ensure that Bober received the subpoena. *See* doc. 88 at 1 n.1; doc. 100 at 7 (affidavit from the server), 9-10 ("proof" of service in the form of photos of what appear to be blank paper taped to a door); *cf. BG Strategic Advisors, LLC v.*

*FreightHub, Inc.*, 2023 WL 114864, at *6 (S.D. Fla. Jan. 6, 2023) (finding that noticing counsel of record of the subpoena, noticing the subject's counsel of the subpoena, sending the subpoena by certified mail to the subject's home address and to the subject's place of business, sending the subpoena to two of the subject's professional email addresses, and sending the subpoena to the general email address of the subject's place of business was, *in toto*, "reasonably calculated to ensure receipt of the subpoena.")

Second, Rule 45(c)(2)(A) explicitly states that a subpoena may only command the production of documents or electrically stored information at a place within 100 miles of the place where the person being subpoena resides, is employed, or regularly transacts business in person. This is often referred to as "the 100 Mile Rule." Bober is in Pittsburgh, Pennsylvania. The subpoena commanded Bober to produce records to Futch's home address in Savannah, Georgia. *See* doc. 100 at 5. Savannah is more than 100 miles outside of Pittsburgh. Requesting that information stored in Pittsburgh be produced in Savannah violates Rule 45(c)(2)(A).

Futch is advised–***for the fourth time***–that his *pro se* status does not exempt him from compliance with the Federal Rules of Civil Procedure. *See* doc. 47 at 14; doc. 76 at 4; doc. 92 at 2; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). The Court has also already advised Futch that failing to comply with Rule 45, specifically, could subject him to possible sanctions. *See* doc. 92 at 5. Because the Order advising Futch that failing to comply with Rule 45 was issued after Futch obtained and served this particular subpoena, *see* doc. 100 at 5, 7, the Court will not take further action at this time.

**However, Futch's persistent disregard for the rules and procedures governing discovery cannot continue. This is his final warning.** Futch must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. He must conduct discovery with FedEx in accordance with the Federal Rules of Civil Procedure. Should any discovery disputes between the parties arise, they are instructed to follow the procedures outlined in the undersigned's Standard Procedures for Discovery Disputes and Settlement Conference

4

in Civil Cases. Futch must seek permission from this Court to obtain subpoenas in accordance with the Court's Standing Order of January 16, 1996. If the Court approves the issuance of a subpoena, Futch must comply with *all* of Rule 45's requirements, including, but not limited to, appropriately serving the subpoena and complying with the 100-Mile Rule. Any subpoena Futch obtains (or has already obtained) from the Clerk without the Court's prior approval is invalid and unenforceable. The Court will quash any subpoenas it has not approved. Any attempt to enforce an invalid subpoena–including, but not limited to, by filing a motion for contempt for noncompliance with the invalid subpoena–will be deemed an attempt to circumvent the Court's Standing Order of January 16, 1996.

**Failure to comply with any of the rules, procedures, and requirements outlined above will be deemed vexatious and in disregard of this Order and all other relevant Orders.** ***See e.g.*,** **doc. 92 at 4-5 (indicating that failure to comply with Rule 45 or the Court's Standing Order of January 16, 1996 could subject Futch to sanctions). Disregarding this Order, or any other relevant Orders, will subject Futch to possible sanctions,**

**including dismissal of this case, for his vexatious behavior.  *Cf.*
Fed. R. Civ. P. 41(b).**

    **SO ORDERED**, this 18th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA