IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHN RANDALL FUTCH, | |
| Plaintiff, | CIVIL ACTION NO.: 4:22-cv-295 |
| v. | |
| FEDEX GROUND, | |
| Defendant. | |

**O R D E R**

Defendant FedEx Ground removed pro se Plaintiff John Randall Futch's employment-discrimination case from the Superior Court of Chatham County, Georgia. (See doc. 1.) The Magistrate Judge recommended that FedEx's Motion for Summary Judgment be denied and former Defendants the United States of America and United States Attorney General Merrick Garland's Motion to Dismiss be granted. (Doc. 47.) Former United States District Judge William T. Moore, Jr., adopted the Magistrate Judge's recommendation over both Futch's and FedEx's objections. (Doc. 54.) Based on the nature of Futch's allegations, the Magistrate Judge recommended that his Complaint be dismissed. (Doc. 80.) United States District Judge Lisa Godbey Wood deferred ruling on that Report and Recommendation, pending additional discovery on Futch's allegations of discrimination. (Doc. 91.) Judge Wood authorized discovery related to Futch's claims of discrimination, but "agree[d] with the Magistrate Judge that Plaintiff's continued assertions of a conspiracy between FedEx and the Federal Government [were] . . . alarming . . . ." (Id. at p. 6.) After Judge Wood authorized discovery, Futch sought records from third parties. (See doc. 92, p. 1.) The Magistrate Judge denied those requests. (Id. at p. 2.)

Futch appealed that denial. (Doc. 97.) While his appeal was pending, this case was transferred to the undersigned. (Doc. 120.)

The dispute concerning the third-party discovery was first presented by Futch through motions to compel responses to "requests for production." (See docs. 84 & 86.) As the Magistrate Judge explained, such "requests" are not effective discovery tools beyond the parties to a case. (Doc. 92, p. 2.) The Magistrate Judge then explained that the Clerk had erroneously issued Futch a subpoena directed to another third party and quashed it. (Id. at pp. 3–4.) Finally, the Magistrate Judge explained that, even if Futch had properly sought the Court's leave for the issuance of the subpoena, it would have been denied as the request it contained was too vague to be enforced. (Id. at p. 4.) Plaintiff's appeal, while not entirely clear, indicates that he sought the procedurally improper subpoenas for the substantively improper purpose of pursuing his frivolous claims against the United States and former Attorney General Garland. To the extent that the Appeal asserts any legal argument at all, it asserts that that the Magistrate Judge's denial of the motions to compel was erroneous because the recipients of the procedurally nonsensical discovery requests "did not file any response and or objections." (Doc. 97, p. 3.) It is also possible, but not entirely clear, that Futch objects to the Magistrate Judge's denial of his subsequent request to approve several of the subpoenas at issue in the motions to compel. (See doc. 97, p. 1 (citing doc. 96); see also doc. 95 (Order denying request for subpoenas on relevancy grounds).)

The Magistrate Judge's Order on the Motions to Compel is subject to the deferential clearly erroneous standard of review. The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A

>judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).  When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Otherwise, the magistrate judge's ruling stands.  "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made."  Jackson v. Deen, No. 4:12-cv-129, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, No. 07–0083–WS–C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).  A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law."  Id. (citations omitted).

Futch's Appeal does not assert or identify any respect in which the Magistrate Judge's Order was clearly erroneous or contrary to law.  (See generally doc. 97.)  Review of the contents of that Order shows, on the contrary, it was entirely correct.  To the extent that Futch addresses the substance of the Order at all, he suggests that several third parties' failures to respond to his requests that they produce documents to him renders those requests, somehow, legitimate.  However, as the Magistrate Judge explained, (doc. 92, pp. 1–2), since those requests were not based upon any authority in the Federal Rules of Civil Procedure, they were nullities from the moment they were propounded by Futch.  The Magistrate Judge correctly denied Futch's motions to compel responses to those defective requests.  The Magistrate Judge also correctly recognized that the Clerk's issuance of a subpoena contravened this Court's Standing Order concerning issuance of subpoenas to *pro se* parties.  (Doc. 92, p. 3 (citing MC 496-06 (S.D. Ga. Jan. 16, 1996)).).  Since the subpoena was not properly issued, the Magistrate Judge correctly quashed it.  (Id. at pp. 3–4.)  Moreover, to the extent that Futch challenges the Magistrate Judge's denial of

3

his subsequent request for the subpoenas, he does not identify any defect in the Magistrate Judge's determination that the request failed to establish any relevance of the requested information to pending claims in this case. (See generally doc. 97; see also doc. 95, pp. 3–4.) Futch's Appeal of the Magistrate Judge's Order or Orders is, therefore, **DENIED**. (Doc. 97.)

Having addressed Futch's Appeal, the Court must address the status of FedEx's Motion for Summary Judgment. (Doc. 112.) First, Futch sought to stay proceedings and extend his deadline to respond to the Motion pending disposition of his appeal. (Doc. 115.) Since the Court has now resolved the appeal, the requested stay is moot. Futch's Motion, (doc. 115), is, therefore, **DENIED, in part**. Futch has filed a document that appears to be his response to the Motion for Summary Judgment. (See generally doc. 118.) His request for additional time to file that response is, therefore, also moot. To the extent that Futch's Motion, (doc. 115), requests an extension, it is **DENIED, in part**. However, the response relies, at least in part, on Futch's persistent misunderstandings concerning the status of discovery in this case. (See, e.g., doc. 118, pp. 6–7.) Since, as discussed above, the Court has not approved the issuance of any subpoenas, any subpoena that was erroneously issued to Futch would be invalid. (Cf. id. at p. 6 (alleging that an individual "failed to respond to a valid subpoena.").) However, given that this Order clarifies the status of Futch's disputed subpoenas, the Court cannot be certain that it will not alter the arguments he might assert in opposition to Defendant's summary judgment motion. The Court will, therefore, afford Futch an opportunity to supplement his response. He is **DIRECTED** to file any additional material in opposition to Defendant's summary judgment motion within **SEVEN (7) DAYS** of the date of this Order. Defendant is **DIRECTED** to file its reply to that supplemental material, if any, by no later than **FOURTEEN (14) DAYS** from the date of this Order.

In summary, Futch's appeal of the Magistrate Judge's Order or Orders is **DENIED**. (Doc. 97.) His request for a stay or an extension of his deadline to respond to the Motion for Summary Judgment is **DENIED**. (Doc. 115.) To the extent that he wishes to supplement his opposition to the Motion for Summary Judgment, he is **DIRECTED** to submit any supplemental materials by no later than **SEVEN (7) DAYS** from the date of this Order. Defendant is **DIRECTED** to file its reply to that supplemental material, if any, by no later than **FOURTEEN (14) DAYS** from the date of this Order.

**SO ORDERED**, this 3rd day of March, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA